IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

TREVOR HOLDEN, and MARIA MAYA,
individually and on behalf of all others
similarly situated,

        Plaintiffs,

v.

ANGI INC.,

        Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Angi Inc. ("Defendant" or "Angi"), hereby removes the above-captioned case, and pursuant to 28 U.S.C. §§ 1331, 1441, respectfully files this Notice of Removal of the case captioned, *Holden, et al. v. Angi Inc.*, CACE-23-012183 ("State Court Action"), currently pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

**Certificate of Conferral**: Plaintiffs <u>do not</u> oppose removal. Angi is the only Defendant.

### I.    INTRODUCTION

1. Plaintiffs Trevor Holden and Maria Maya filed this action in state Court on April 3, 2023, after a previous case with only Trevor Holden as plaintiff was dismissed in *Holden v. Angi, Inc.*, 0:22-cv-61981-KMW (S.D. Fla.) (Ft. Lauderdale Division).

2. Plaintiffs served Angi with the Complaint on April 14, 2023.

3. A copy of the Complaint in the State Court Action is attached and incorporated as **Exhibit A**. A copy of the Civil Summons in the State Court Action is attached and incorporated as **Exhibit B**.

4. In accordance with 28 U.S.C. § 1446(a) and the Southern District of Florida's Civil Filing Requirements, a copy of all executed process, pleadings asserting causes of action, and orders in the State Court Action are attached hereto as **Exhibit C.**

5. A copy of the docket sheet in the State Court Action is attached and incorporated as **Exhibit D**.

6. This lawsuit arises out from a Telephone Consumer Protection Act ("TCPA") claim brought by Plaintiffs. Plaintiffs allege that Defendant engaged in a pattern or practice of initiating telephone solicitations to Plaintiffs' cell phones in Florida, whose telephone numbers, at all relevant times, were listed on the Federal Trade Commission's do not call registry (*See* **Exhibit A**).

7. Plaintiffs' action involves a federal question and the procedural requirements for removal have been satisfied, as detailed herein.

### III. STATUTORY REQUIREMENTS—REMOVAL ON THE BASIS OF FEDERAL QUESTION

8. Removal of this case is proper pursuant to 28 U.S.C. § 1441(a), which entitles a defendant to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." This Court is proper because the United States District Court for the Southern District of Florida has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

9. The underlying state court action was filed in the Seventeenth Judicial Circuit in and for Broward County, Florida and so the Southern District of Florida, Ft. Lauderdale Division

is the appropriate court as it is "the district court of the United States for the district and division embracing the place where such action is pending," *id.*, § 1441(a), under IOP § 2.01.01(d). (Such venue is represented as proper solely for removal purposes.)

10. Plaintiffs' claims, as set forth in the Complaint, arise under the laws of the United States because Plaintiffs allege that Angi violated a federal statute, the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* Exhibit A, at ¶¶ 57-63. Therefore, this Court has original jurisdiction over these claims as set forth in the Complaint.

11. The Court has supplemental jurisdiction over the remaining state law claims in the Complaint pursuant to 28 U.S.C. § 1367. *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 552 (2005) ("Once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy."); *see also Ameritox, Ltd. v. Millennium Lab'ys, Inc.*, 803 F.3d 518, 530 (11th Cir. 2015) ("The doctrine of supplemental jurisdiction … permits federal courts to decide certain state-law claims involved in cases raising federal questions" when doing so would promote judicial economy and procedural convenience." (citation and quotation omitted)).

12. "[F]ederal courts may exercise supplemental jurisdiction over state-law claims in limited circumstances. One such circumstance is when the state claims arise out of a common nucleus of operative fact with a substantial federal claim." *Silas v. Sheriff of Broward Cnty*, 55 F.4th 863, 865 (11th Cir. 2022) (citation and quotation omitted). Here, Plaintiffs base their state law claims on precisely the same conduct which supports their federal claim over which this court has original jurisdiction. Exhibit A, at ¶¶ 64-72. That is the prototypical case for the exercise of supplemental jurisdiction over state law claims. *E.g.*, *Chase v. Aspen Nat'l Fin., Inc.*, No. 6:19-cv-1358-ORL-41EJK, 2019 WL 13226074, at *3 (M.D. Fla. Oct. 4, 2019).

13. Accordingly, Defendant is entitled to remove this action to this Court under 28 U.S.C. § 1441, on the grounds that this Court has original jurisdiction over the subject matter of this action under 28 U.S.C. § 1331.

### IV.   PROPER PROCEDURE, INCLUDING COMPLIANCE, LOCAL RULES

14. <u>Removal to Proper Court</u>.  This Court is part of the "district and division" embracing the place where this action was filed— Broward County, Florida.  *Supra*, ¶ 7.

15. <u>Removal is Timely</u>.  Defendant is entitled to remove this action up to thirty days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief on which the action is based.  28 U.S.C. § 1446(b).  Plaintiffs served the Complaint on Defendant on April 14, 2023.  This Notice of Removal is therefore timely filed pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty days of service of Plaintiffs' Complaint on Defendant.

16. <u>Pleadings and Process</u>.  As detailed in Paragraph 4, above, this filing includes a copy of the Complaint as Exhibit A, along with a copy of all process, pleadings, and order served upon Defendant in this action (Exhibit C).  Defendant has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

17. <u>Notice</u>.  Promptly after the filing of this Notice of Removal, Angi shall give written notice of the removal to the Plaintiffs by serving counsel identified in the below Certificate of Service.  The undersigned counsel will also file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d).

18. <u>Signature</u>.  The Notice of Removal is signed pursuant to Rule 11.  28 U.S.C. § 1446(a).

19. <u>Bond and Verification</u>.  Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

## VI.   CONCLUSION

20. By this Notice of Removal, and consistent with the foregoing, Defendant does not waive any objections it may have to service, jurisdiction or venue, or any other defenses or objections it may have to this action, and hereby reserves the same.  Defendant intends no admission of fact, law, or liability by this Notice of Removal, and it expressly reserves all defenses, motions, and/or pleas available to it.

WHEREFORE, Defendant respectfully requests that the Court accept this Notice of Removal, assume jurisdiction over this matter, and issue such further orders and process as may be necessary to bring before it all parties for trial.  This action should proceed in the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, as an action properly removed thereto.

Plaintiffs demanded a Jury Trial.

Dated:  May 8, 2023

Respectfully submitted,

SQUIRE PATTON BOGGS (US) LLP

/s/ *Jason Daniel Joffe*
Jason Daniel Joffe
Florida Bar No. 0013564
200 South Biscayne Boulevard, Suite 3400
Miami, Florida 33131
Telephone: (305) 577-7000
Facsimile: (305) 577-7001
Email:  jason.joffe@squirepb.com

*Counsel for Defendant Angi Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 8, 2023, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed electronically with the Clerk of the Court, using CM/ECF system, which sent notification of such filing to all persons registered to receive such notice. I further certify that a copy of the foregoing document was served via email transmission on the following counsel:

Manuel S. Hiraldo, Esq.
HIRALDO P.A.
Email:  mhiraldo@hiraldolaw.com

Michael Eisenband, Esq.
EISENBAND LAW, P.A.
Email:  meisenband@eisenbandlaw.com

Rachel N. Dapeer, Esq.
DAPEER LAW. P.A.
Email: rachel@dapeer.com

*Counsel for Plaintiffs Trevor Holden and Maria Maya*

/s/ *Jason Daniel Joffe*
Jason Daniel Joffe